FILED
U.S. DISTRICT COURT

2008 MAY 29   A 10: 45

DISTRICT OF UTAH

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH – CENTRAL DIVISION

BY:_____
DEPUTY CLERK

| | |
|---|---|
| BRIAN B. TUCKER,<br><br>                              Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | **ORDER**<br><br>Case No.: 2:07-CV-999<br>*Related Case No.: 2:04-CR-170*<br><br>Judge Dee Benson |

On March 17, 2008, the Court denied Defendant's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Subsequently, Defendant filed three motions: "Motion to Ammend [sic] the Restitution Portion of the Sentence;" "Motion to Reconcider [sic] Petitioner's § 2255 Motion;" and "Notice of Appeal and Petition to District Court for Issuance of Certificate of Appealability 28 U.S.C. § 2255."

First, in his motion to amend the restitution order, Defendant requests that the Court amend the sentence so that Defendant does not have to pay the remaining amount owed in restitution until he is released from prison. Defendant claims that a portion of the money he receives while in prison is being used for his education at Adams State College. Although this may contribute to Defendant's financial burdens, Defendant does not appear to be unable to make the payments. Because the Court finds that Defendant has not provided sufficient grounds to justify such an amendment, the Court DENIES the motion.

Second, having reviewed Defendant's motion to reconsider, the Court finds that it is effectively another attempt at challenging his sentence under 28 U.S.C. § 2255. A district court does not have jurisdiction to consider a second or successive motion for habeas relief under 28 U.S.C. § 2255 unless a panel of the appropriate court of appeals certifies that the motion meets

the requirements of the statute. *See* 28 U.S.C. § 2255; *see also United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006) ("A second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court."). Accordingly, the Court now transfers the matter to the Tenth Circuit Court of Appeals for consideration. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam).

Finally, Defendant's request that the district court issue a certificate of appealability is moot. The Defendant need not ask for a COA from the district court. Furthermore, Defendant has already filed his appeal with the Tenth Circuit, and the case has been abated pending the resolution of the motions currently before this Court. *See* Dkt. No. 23.

IT IS SO ORDERED.

DATED this 28th day of May, 2008.

Dee Benson
United States District Judge

2